**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| WIDEVINE TECHNOLOGIES, INC.<br><br>            Plaintiff,<br><br>vs.<br><br>VERIMATRIX, INC.<br><br>            Defendant. | Case No.  2:07cv00321 TJW/CE<br><br>**Jury Trial Demanded**<br><br>The Honorable T. John Ward |

**WIDEVINE'S SUPPLEMENTAL BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION TO STAY LITIGATION PENDING REEXAMINATION**

**(Oral Argument Requested)**

Much has changed in this case since Defendant Verimatrix, Inc. ("Verimatrix") filed its motion to stay litigation (Docket No. 19) nearly seven months ago. Plaintiff Widevine Technologies, Inc. ("Widevine") respectfully submits this supplemental brief to discuss new evidence concerning several issues and respond to Verimatrix's surreply brief.

## I.   ARGUMENT

### A.   Verimatrix Was Not Diligent in Seeking Reexamination

Widevine filed this case for infringement of Patent No. 7,165,175 ("the '175 Patent") nearly one year ago, on August 1, 2007. Verimatrix did not file its request for reexamination with the Patent Office until December 3, 2007, four months later. Verimatrix then represented to the Court that its reexamination petition would quickly be granted. This proved false.

On January 4, 2008, the Patent Office rejected Verimatrix's reexamination petition as being entirely conclusory. See generally Supplemental Declaration of Paul H. Beattie, Docket No. 34-2, Ex. 7. Verimatrix then filed a second, corrected petition, which the examiner then again rejected on March 14, 2008 for substantially the same reasons. The examiner stated that this second petition was "confusing and incomplete," that it was "lumping together" multiple arguments in the claim charts, and that it discussed prior art references "generically" and without "the specificity required for each of the grounds for rejection." See, e.g., Supplemental Declaration of Robert L. Jacobson, Docket No. 43, Ex. 1 at 6-7. Verimatrix did not file its third and final petition until April 17, 2008, eight months after this case was filed.

Verimatrix is now asking this Court to stay litigation *nearly one year after* this case began. This delay was entirely of Verimatrix's own making, first through its initial four-month delay before it filed its first reexamination petition in December 2007, and then its string of errors with its initial and amended petitions. In light of these circumstances, the Court can conclude that Verimatrix did not act with "diligence" and deny the requested stay on that basis.

## B. The Patent Office Only Granted Reexamination for Two References

The Patent Office rejected most arguments by Verimatrix concerning reexamination. Specifically, Verimatrix had requested reexamination concerning 60 asserted "substantial new questions of patentability," or SNQs, that addressed eighteen distinct prior art references.

The Patent Office only granted reexamination for a handful of those arguments. Specifically, it granted reexamination for 15 SNQs concerning just *two prior art references*, namely the Colligan '031 reference and the 1990 Herbison Article, either alone or in combination with certain other references. The Patent Office rejected all other arguments as purely makeweight. See generally Declaration of Kent M. Walker, Docket No. 57-2, Ex. A.

There is no reason to delay litigation for years merely because the Patent Office has granted reexamination concerning two references. This Court is not required to defer to the Patent Office or stay this case. As this Court noted in Sovereign Software LLC v. Amazon.com LLC, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005), historically only 12% of third-party reexaminations result in all claims being rejected.[1] Consequently, "[a]lthough there may be circumstances that warrant a stay, the Court is unwilling to adopt a per se rule that patent cases should be stayed during reexamination because some of the relevant claims may be affected." Id. at 662. Verimatrix is free to argue invalidity concerning these two references at trial, and the jury will be fully capable of considering these issues on the merits.

## C. This Case is Not in the "Initial Stage"

Verimatrix reports that this case is still in the "initial stage." This is not correct. Widevine served its detailed Infringement Contentions on March 14, 2008, and Verimatrix

---

[1] This statistic is for *ex parte* reexaminations. Only seven *inter partes* reexaminations have been completed, as discussed below, so it is too early to know whether *inter partes* reexaminations will yield substantially different results. There is no reason to believe that they will.

served its Invalidity Contentions on May 28, 2008. Widevine is preparing to analyze Verimatrix's technical documents and source code in preparation for its Amended Infringement Contentions for software under Patent Rule 3-1(h) (which are due September 2, 2008).

The parties are now in the thick of discovery. The parties' complete document productions are now due on July 15, 2008. Widevine has invested months of attorney time in locating and reviewing responsive documents and emails in anticipation of this deadline.

### D.     This Reexamination Has No Effect Concerning The Second Patent

Since the parties submitted their earlier briefs, Widevine has since amended its Complaint to assert infringement of a second patent, U.S. Patent No. 7,376,831 ("the '831 Patent"). (Docket Nos. 48, 51.) Verimatrix has not requested reexamination concerning the '831 Patent. The current reexamination concerns *only* the '175 Patent.

Moreover, there is no reason to believe that the Patent Office would actually grant reexamination concerning the '831 Patent even if Verimatrix so requests. Widevine expressly disclosed *all of the prior art references cited by Verimatrix in its reexam petition* (specifically including the Colligan '031 reference and the 1990 Herbison Article) during prosecution of what became the '831 Patent. Widevine even disclosed the reexamination petition itself out of an abundance of caution. The examiner considered each of these references and allowed the claims of the '831 Patent. See Second Supplemental Declaration of Robert L. Jacobson ("Jacobson Second Supp. Decl."), submitted herewith, ¶¶ 3-8.

Verimatrix cannot argue that there are "substantial *new* questions" of patentability for the '831 Patent when all of those prior art references, and even Verimatrix's reexamination petition itself, were expressly considered during prosecution of the '831 Patent.

### E.  New Article Concerning the Failure of Inter Parties Reexam

In its earlier briefing, Verimatrix represented that inter partes reexaminations typically take about 28.5 months and assured the Court that its reexamination would breeze through quickly. Widevine questioned those statistics.

An important new study, issued just two months ago, confirms that the *inter partes* reexamination process is effectively broken. The report, entitled "Reexamining Inter Partes Reexam," was issued by the Institute for Progress in April 2008. See Jacobson Second Supp. Decl., Ex. A. This report confirms that the "28.5 month" statistic from the Patent Office "is highly misleading" and is based on only seven reexamination petitions that sailed through essentially unopposed:

> An appropriate reading of the statistic is that the Patent Office takes two years to dispose of a patent through inter partes reexam *if the patent holder doesn't care to defend its rights*. It takes significantly longer to get to a resolution if the patent holder participates in the process.

Id. at 5 (emphasis added).

The study concluded that the more likely average pendency for an *inter partes* reexamination without appeal is "more than 3.5 years," and that that an appealed *inter partes* reexamination "is at least 6.5 years." Id. at 5 (emphasis added). The second number only covers administrative appeals, not subsequent judicial appeals. Under these statistics, reexamination will not be completed until at least December 2014 (not counting a subsequent judicial appeal). In contrast, trial is set for February 2010.

The report further noted that defendants are tending to use *inter partes* requests as an "augmentation of litigation strategy" to delay litigation, rather than as an alternative to litigation (the intended purpose of *inter partes* reexamination). This raises "serious questions" about whether stays of litigation are appropriate. Id. at 2.

There is no reason to delay litigation for many years, particularly for allegations of invalidity that concern just *two references* (alone or in combination with other references). Widevine is continuing to suffer immediate and irreparable harm in the marketplace as Verimatrix sells infringing products while undercutting Widevine's prices.  See Soverain Software, 356 F. Supp. 2d at 663 ("Some of the claims may change in this case, but the Court is of the opinion that the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case indefinitely on hold.").  This is particularly true for an *inter partes* reexamination, which takes longer than an *ex parte* reexamination.

Although Verimatrix proposes that the parties submit annual status reports, this will have no useful benefit.  Each year, Verimatrix will simply assure the Court that reexamination is proceeding apace, even as it drags on for years.  Once a stay were granted, it would effectively become permanent and indefinite.

## II.     CONCLUSION

For the foregoing reasons, and those stated in Widevine's earlier briefing, the Court respectfully should deny Verimatrix's request for an indefinite stay.

Case 2:07-cv-00321-RRR-CE   Document 61   Filed 07/03/08   Page 7 of 8


- 7 -

                Respectfully submitted,

                DARBY & DARBY P.C.

Dated: July 3, 2008        By: /s/ David K. Tellekson

                David K. Tellekson
                Washington State Bar No. 33523
                Robert L. Jacobson
                Washington State Bar No. 30838
                1191 Second Avenue
                Seattle, Washington 98101
                Telephone: (206) 262-8900
                Facsimile: (206) 262-8901
                Email: dtellekson@darbylaw.com
                        rjacobson@darbylaw.com

                Matthew D. Orwig
                Texas State Bar No. 15325300
                Mark C. Nelson
                Texas State Bar No. 00794361
                SONNENSCHEIN NATH &
                ROSENTHAL LLP
                1717 Main Street, Suite 3400
                Dallas, Texas 75201
                Telephone: (214) 259-0990
                Facsimile: (214) 259-0910
                Email: morwig@sonnenschein.com
                        mcnelson@sonnenschein.com

                *Attorneys for Widevine Technologies, Inc.*

## CERTIFICATE OF SERVICE

I, **Lawrence A. Gallwas**, hereby certify that on July 3, 2008, I caused the foregoing **Widevine's Supplemental Brief in Opposition to Defendant's Motion to Stay Litigation Pending Reexamination** to be served on the following parties as indicated below:

| | |
|---|---|
| **Michael G. Rhodes**<br>**Kent M. Walker**<br>**Timothy S. Teter**<br>Cooley Godward Kronish LLP<br>4401 Eastgate Mall<br>San Diego, CA 92121<br><br>*Attorneys for Defendant Verimatrix, Inc.* | [ ] By United States Mail<br>[ ] By Legal Messenger<br>**[X] By Electronic CM/ECF**<br>[ ] By Overnight Express Mail<br>[ ] By Facsimile<br>[ ] By Email [by agreement of counsel]<br>    rhodesmg@cooley.com<br>    kwalker@cooley.com<br>    teterts@cooley.com |
| **Michael Charles Smith**<br>Siebman, Reynolds, Burg, Phillips<br>& Smith, LLP<br>713 South Washington Avenue<br>PO Box 1556<br>Marshall, TX 75671<br><br>*Attorneys for Defendant Verimatrix, Inc.* | [ ] By United States Mail<br>[ ] By Legal Messenger<br>**[X] By Electronic CM/ECF**<br>[ ] By Overnight Express Mail<br>[ ] By Facsimile<br>[ ] By Email [by agreement of counsel]<br>    michaelsmith@siebman.com |

DATED:  July 3, 2008

/s/ Lawrence A. Gallwas
For David K. Tellekson, WSBA No. 33523
Robert L. Jacobson, WSBA No. 30838
DARBY & DARBY P.C.