**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| WIDEVINE TECHNOLOGIES, INC. | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-321-TJW-CE |
| | § | |
| VERIMATRIX, INC. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the defendant's motion (#19) to stay this action pending *inter partes* reexamination. For the foregoing reasons, the court denies this motion.

**1.      Background**

Widevine Technologies, Incorporated ("Widevine") filed the instant cause of action on August 1, 2007, alleging that Verimatrix, Incorporated ("Verimatrix") infringes various claims of U.S. Patent No. 7,165,175 ("the '175 patent"), entitled "Apparatus, System and Method for Selectively Encrypting Different Portions of Data Sent Over a Network." On December 3, 2007, Verimatrix filed a request for *inter partes* reexamination of the '175 patent, and on December 4, 2007, Verimatrix filed the instant motion to stay this litigation pending completion of the *inter partes* reexamination proceeding. After two failed attempts to initiate the *inter partes* proceeding by Verimatrix, the U.S. Patent and Trademark Office ("PTO") finally granted Verimatrix's reexamination petition on June 23, 2008.

On May 20, 2008, Widevine amended its complaint to include infringement allegations based on U.S. Patent No. 7,376,831 ("the '831 patent"), entitled "Selectively Encrypting Different Portions of Data Sent Over a Network." The '831 patent is a continuation of the '175 patent. As such, the

patents-in-suit have a common written description, and the claims of both patents are directed to similar subject matter. Although Verimatrix has indicated that it will seek reexamination for the '831 patent, it has yet to file any such petition with the PTO.

**2.    Discussion**

**A.    Legal Overview**

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citations omitted). Management of the court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).

Courts typically consider three things when deciding whether to stay litigation pending reexamination: "(1) whether a stay will unduly prejudice or present a clear tactical advantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC*, 356 F. Supp. 2d at 662.

**B.    Prejudice and Tactical Advantage**

Widevine and Verimatrix are direct competitors. The PTO has not provided any definitive guidance on the length of time required for the reexamination of the '175 patent, and the '831 patent is not currently subject to a reexamination proceeding. Accordingly, the potential delay for an indefinite period would likely prejudice Widevine. *See Ricoh Co., Ltd. v. Aeroflex, Inc.*, 2006 WL 3708069, *2 (N.D. Cal. Dec. 14, 2006); *Lexington Lasercomb I.P.A.G. v. GMR Products, Inc.*, 442 F. Supp. 2d 1277, 1278 (S.D. Fla. 2006). This factor weighs against a stay of this litigation.

### C.  Simplification of the Case

If the court stays the '175 proceedings, Verimatrix will be estopped from making the same invalidity arguments in this case that it makes to the PTO during the reexamination proceeding.  35 U.S.C. § 315(c).  This estoppel will usually simplify the issues in the case.  However, in this action, the '175 patent and the '831 patent share a written description, and the claims of both patents are directed to similar subject matter.  Because the '831 patent is not subject to a reexamination proceeding, Verimatrix will not be estopped from urging invalidity arguments in this case against the '831 patent that are similar to the invalidity arguments it makes against the '175 patent during reexamination.  The related nature of the patents-in-suit, combined with the fact that the '831 patent is not subject to a reexamination proceeding, counteract the effects of the *inter partes* reexamination proceeding.  As such, this factor weighs against staying this case.

### D.  Stage of the Proceedings

The present motion was filed early in the case, in advance of the court's scheduling conference.  Therefore, this factor supports a stay of the proceedings.

### 3.  Conclusion

The court has considered the competing interests, and concludes that the interest in proceeding with the current litigation outweighs any benefits from staying the litigation.  As such, the court finds that a stay of these proceedings is not appropriate.  The court therefore denies Verimatrix's motion (#19) to stay this action pending completion of the '175 reexamination proceeding.

SIGNED this 25th day of September, 2008.

CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE