# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| WIDEVINE TECHNOLOGIES, INC. § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 2-07-cv-321 | |
| § | | |
| VERIMATRIX, INC., § | | |
|     Defendant. § | | |
| § | | |
| § | | |
| § | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Verimatrix, Inc.'s ("Verimatrix") Motion to Compel Production of Documents. [Dkt. No. 97] After considering the parties' arguments and the applicable law, the Court is of the opinion that this motion should be DENIED for the reasons set forth below.

### I. Background

Verimatrix moves this Court to compel an update to previously-produced emails. Specifically, Verimatrix requests that Plaintiff Widevine Technologies, Inc. ("Widevine") supplement its previous production with email communications that were sent on or after August 1, 2007, the date on which Widevine filed this lawsuit. Widevine argues that requiring this supplementation would be unduly burdensome and contrary to the parties' agreement.

On April 2, 2008, in an effort to streamline the discovery process and reduce expenses, the parties exchanged stipulations regarding their mutual discovery obligations. [Dkt. No. 97-4] Included among those stipulations was a proposal that the production of emails be limited to those that were sent before the filing date of this lawsuit. On April 3, 2008, Verimatrix agreed to that proposal. [Dkt. No. 97-4] Throughout the following weeks, the parties were in the process of

coming to an agreement regarding the starting date for the production of email communications. During these negotiations, the parties repeatedly reiterated their agreement with respect to the end date. *See* Dkt. Nos. 102-9; 102-10; 102-13.

On May 16, 2008, Verimatrix sent a letter to Widevine recapping the negotiations, including a statement that Verimatrix "reserve[s] the right to seek emails from Widevine post the end date." *See* Dkt. No. 102-13. Widevine contends that this is ambiguous and merely boiler-plate language that does not alter the parties' previous agreement. Verimatrix, on the other hand, contends that this language demonstrates the absence of any agreement regarding the end date of the email production.

Widevine has already produced emails that were exchanged before August 1, 2007, completing that production in August, 2008. In October, 2008, Verimatrix requested an update of that production to include emails exchanged on or after August 1, 2007. After receiving Widevine's refusal, Verimatrix now asks the Court to compel Widevine to update the production to include emails exchanged on or after August 1, 2007.

**II.     Analysis**

The party requesting discovery may move the court to compel disclosure of any materials requested, provided that they are relevant and otherwise discoverable. *See* Discovery Order, para. 9(a); Discovery Order, para. 3(b). [Dkt. No. 38] *See also* Fed.R.Civ.P. 37; Fed.R.Civ.P. 26. Materials may be subject to discovery if they are nonprivileged and are "relevant to the pleaded claims or defenses involved in this action." Discovery Order, para. 3(b). *See also* Fed.R.Civ.P. 26(b)(1).

The moving party bears the burden "to show clearly that the information sought is relevant to the case and would lead to admissible evidence." *Export Worldwide, Ltd. v. Knight*, 241 F.R.D.

259, 263 (W.D. Tex. 2006). After the moving party establishes that the materials requested are within the scope of permissible discovery, the party resisting discovery must then "articulate specifically how each discovery request is not relevant or is overly broad, burdensome, or oppressive." *Id.* "'A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse.'" *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)).

Federal Rule of Civil Procedure 29(b) allows parties to stipulate to "procedures governing or limiting discovery." FED. R. CIV. P. 29(b). "The self-evident purpose of this rule is to encourage agreed-upon, lawyer-managed discovery and to eliminate the cost, effort and expense involved in court intervention in discovery through motion practice." *Lee v. Cent. Gulf Towing, L.L.C.*, 2004 WL 2988478, *2 (E.D. La. 2004). To further that purpose, this Court will generally uphold stipulations that are entered into between the parties. The April 3, 2008 communication is in writing and represents an agreement between the parties that limit the parties' obligation to produce documents under Rule 26. Therefore, April 3 letter is a stipulation under Rule 29.

The Court's conclusion even holds true under basic contract law. "The elements of a valid contract are: (1) an offer, (2) an acceptance, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding." *Prime Prods., Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex.App.-Houston [1st Dist.] 2002, pet. denied). The Court is of the opinion that the parties, on April 3, 2008, reached an agreement regarding the end-date for email production. Widevine offered a mutual limitation on the production of emails, Verimatrix accepted that offer, their subsequent communications demonstrated that there was a meeting of the minds and mutual consent, and Widevine produced

emails under that agreement with the intent that it be mutually binding. *See Prime Prods., Inc.*, 97 S.W.3d at 636. Specifically, the parties agreed that emails were not subject to discovery if they were sent on or after August 1, 2007. The May 16, 2008 communication does not change this agreement. The May 16 letter is internally inconsistent because it contains language that recaps the April 3, 2008 agreement as well as language that purports to suggest that there was no agreement on April 3, 2008. Verimatrix cannot rely on only one portion of the May 16 letter and disregard the other.

Widevine was entitled to rely upon the parties' stipulation regarding email production. *See Kersh v. Derozier*, 851 F.2d 1509, 1512–13 (5th Cir. 1988) (refusing to allow a defendant to withdraw from a pretrial stipulation). Had Verimatrix expected to receive the emails that were exchanged after the cut-off date, it should have made that known before Widevine completed the costly email collection and review process. To now ask Widevine to duplicate its previous effort is unfair, particularly in light of Widevine's reliance upon the April 3, 2008 agreement. The Court therefore denies Verimatrix's request for those emails that were exchanged on or after August 1, 2007.

### III. Conclusion

The parties stipulated to mutual obligations early in the discovery process. Verimatrix's request violates that agreement. The Court therefore DENIES Vermiatrix's motion to compel.

It is SO ORDERED.

SIGNED this 10th day of December, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

4